Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Eugene A. Schoon (*pro hac vice*)
eschoon@sidley.com
Kara L. McCall (*pro hac vice*)
kmccall@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Bayer HealthCare, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

LIZA GERSHMAN, SEAN PORTER, MATTHEW KAPLAN, and CHANDRA LAW, On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

BAYER HEALTHCARE, LLC, a Delaware Limited Liability Company,

Defendant.

Case No. 3:14-cv-05332-HSG

**JOINT PROPOSED CONFIDENTIALITY ORDER**

Judge: Hon. Haywood S. Gilliam, Jr.

WHEREAS the Parties recognize that during the course of this matter they may be subject to discovery requests and/or proceedings that seek the disclosure of information that the Party or Non-Party to whom the request is directed considers to be confidential and/or proprietary ("Confidential Information");

WHEREAS the Parties wish to preserve the confidentiality of Confidential Information through a Confidentiality Order; and

WHEREAS the Parties have a legitimate interest in maintaining the confidentiality of the categories of Confidential Information that the Parties may exchange, and will suffer immediate and serious injury if the confidentiality of such information is not maintained;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Parties, subject to the approval of the Court, that the following Order shall be entered; and good cause appearing for the entry of this Confidentiality Order (hereinafter "Order"),

IT IS THIS _____ day of July, 2015, ORDERED as follows:

**1. PARTIES GOVERNED BY THIS ORDER**

This Order governs Plaintiffs Liza Gershman, Sean Porter, Matthew Kaplan, and Chandra Law, and Defendant Bayer HealthCare LLC in the above-captioned matter (the "Action"), as well as any Non-Parties who produce or receive information in the Action (collectively "Parties"). All references to "Party" or "Parties" throughout this Order are intended to include Non-Parties who seek the protection of this Order or who are bound by its restrictions. Parties who produce data, documents, or information are "Producing Parties." Parties receiving data, documents, or information are "Receiving Parties."

**2. SCOPE OF THE CONFIDENTIALITY ORDER**

This Order shall govern the use of Confidential Information produced during discovery in this Action, including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for production of documents, responses to subpoenas, response to requests for admissions, and other written discovery responses ("Discovery Materials"). For purposes of this Order, the Party designating Discovery Materials as Confidential (the "Designating Party") bears the

burden of establishing that such Discovery Materials are entitled to confidential treatment under this Order.

**3. DESIGNATION OF CONFIDENTIAL MATERIALS**

**A.** Any Designating Party shall have the right to designate as Confidential any Discovery Material that contains or discloses information relating to trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to: business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists and information; business relationships; design, engineering, or technical documents and specifications; sales volume, pricing, profits, costs, or margins; personal financial or other personally sensitive information; and any other material that is confidential pursuant to applicable law.

**B.** Copies or excerpts of information contained within, or summaries, notes, or charts containing any information from, a document or thing designated as Confidential shall also be treated respectively as Confidential.

**C.** Confidential Discovery Materials shall not include information that at the time of the disclosure hereunder is available to the public, or after disclosure hereunder becomes available to the public through no act, or failure to act, by a Non-Designating Party.

**D.** The Parties shall make Confidential designations in good faith to insure that only those documents that merit Confidential treatments are so designated.

**E.** In the interests of comity, Parties who produce documents or information subject to the laws of a state, country, or union other than the United States may designate as Confidential those documents in any form (including electronic or paper form) containing "personal data" within the meaning of the data protection laws of such states, countries, or unions. "Personal data" may include, but is not limited to, any and all data that concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (*e.g.*, reference to an

individual by his/her title or position within the company whose identity is specified in other available sources of information). This includes, without limitation, the following documents:

i. Any correspondence (electronic or on paper) that identifies, or through recourse to other sources of information available to the data processor allows identification of, its author(s)/sender(s) and/or its addresses/recipients (*e.g.*, all email correspondence, letters, and faxes, including transmission reports);

ii. Any document such as memoranda, notes, and presentations, if it identifies, or allows identification through recourse to other information available to the data processor of, its author/sender and/or its addressee/recipient;

iii. Minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting; and

iv. Personnel records and information.

**4. <u>MARKING DOCUMENTS "CONFIDENTIAL"</u>**

The Designating Party shall designate Confidential Information by physically or electronically marking copies of the Discovery Material produced to a Party with the legend "CONFIDENTIAL." Any such marking shall not cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the Discovery Material. As reasonably practicable, to the extent that Discovery Material contains both Confidential Information and non-confidential information, the Designating Party shall delineate the particular portions that constitute each designation. The Parties shall meet and confer and agree upon a method for designating as Confidential Information documents produced in native file form, or in any other medium that cannot be designated by electronic or physical marking as set forth above.

**5. <u>TIMING OF CONFIDENTIALITY DESIGNATIONS</u>**

Except for Discovery Materials produced for inspection, designation of Discovery Materials as Confidential shall be made before, or at the time of, production or disclosure. If Discovery Materials are produced for inspection, such Discovery Materials may be produced for inspection

before being marked as Confidential, and at the option of the Producing Party, before they are reviewed for privilege, work product, or other applicable privilege, pursuant to a "Quick Peek" agreement among the parties as contemplated by Fed. R. Civ. P. 26(f) and Fed. R. Evid. 502(d). There will be no waiver of privilege, work product, or other applicable privileges or objections in this or other proceedings by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked Confidential pursuant to this procedure. Once specific Discovery Materials have been designated for copying, any Discovery Materials containing Confidential Information will then be marked as provided for above before delivery to the Party who inspected and designated the Discovery Materials. Any Discovery Materials designated for copying that are protected by privilege, work product, or other applicable privileges or objections may be removed before copying, but shall be maintained by the Producing Party and described in a privilege log conforming to the applicable federal rules.

**6. DESIGNATING DEPOSITIONS AS CONFIDENTIAL**

With respect to any deposition, confidential treatment under this Order may be invoked by designating specific pages and/or lines as Confidential on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition from the court reporter. Unless the Parties agree otherwise, all deposition transcripts shall be treated as Confidential for 30 days following receipt of the transcript (and during the period, if any, when the transcript is available in "rough" form) regardless of whether designations of any portions thereof have been designated as Confidential before that time.

**7. USE OF ALL DISCOVERY MATERIALS**

Regardless of designation, all Discovery Materials produced in this Action may only be used for purposes of preparation, trial, and appeal of this Action, and not for any other purpose.

**8. QUALIFIED PERSONS FOR CONFIDENTIAL INFORMATION**

Discovery Materials designated as Confidential may be disclosed only to the following Qualified Persons:

**A.** The Court, including Court personnel necessary to assist the Court in its function with regard to the Action, and the jury;

**B.** Named Plaintiffs;

**C.** Employees, officers, and agents of the Defendant with whom Defendant's counsel may deem it necessary to consult for the preparation of this case;

**D.** In-house and external counsel of record for the Parties, including all partners, associate attorneys, and staff of such counsel's law firm who are actually assisting in the conduct of the Action;

**E.** To the extent they are retained by and assisting the counsel described in the foregoing subparagraph 7.D. in the conduct of the Action, such counsel's respective independent contractors, consultants, investigators, paralegals, and litigation support services and vendors (including outside copying services and companies engaged in supporting computerized or electronic discovery or trial preparation);

**F.** Consulting or testifying experts retained or employed by the Parties, including their respective staff necessary to assist such experts in the conduct of the Action;

**G.** Any person who created or authored such Confidential Information, and any person who received such Confidential Information apart from such person's involvement in the Action;

**H.** Auditors and insurers of the Parties to the extent necessary for such auditors and insurers to conduct their business with regard to the Party;

**I.** Mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed by the Court for settlement purposes in the Action; and

**J.** Any person as may be designated by written agreement by the Designating Party or by order of the Court.

**9. EXECUTING THE NON-DISCLOSURE AGREEMENT**

Each person to whom Confidential Information is disclosed pursuant to ¶ 8.F. shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information or, if the disclosure occurs in a deposition or in open court, shall affirm on the record

that such person is bound by the terms of this Order. Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information to such person.

**10. NON-PARTY DISCOVERY MATERIALS**

The existence of this Order shall be disclosed to any Non-Party producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire Confidential treatment for such Discovery Materials. Any such Non-Party may designate Discovery Materials as Confidential pursuant to this Order.

**11. CHALLENGING CONFIDENTIALITY AND/OR PRIVILEGE DESIGNATIONS**

A Party or other person objecting to designation of any Discovery Material as Confidential Information or Protected Material (as defined in Paragraph 13, below) shall give written notice to the Designating Party. That notice shall provide sufficient identification (including Bates numbers) so that the Designating Party can identify the Discovery Material whose designation is being challenged. Objections to designations of Discovery Material as Confidential or Protected Material as privileged shall be made in good faith and the Party making such objections shall confer directly (in voice-to-voice dialogue) with the Designating Party. The Designating Party shall respond, in good faith, to the Party challenging the designation. If the objecting Party and the Designating Party cannot resolve their dispute through such good-faith meet and confer discussions within a reasonable time, the Designating Party, in the instance of Confidential Information, or the Receiving Party, in the instance of Protected Material, may, within 14 days after the meet and confer process is complete, raise the issue with the Court in accordance with the local rules. Provided that the Party raises the issue with the Court in accordance with the local rules and within the time period set forth above, any Discovery Material so designated shall remain Confidential Information or Protected Material, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order, until such time as the Court may determine otherwise. If the Court rules that challenged Discovery Material is not Confidential, the Designating Party shall re-produce copies of all such materials without the Confidential designation. If the Court rules that challenged Protected Material is not privileged, the Designating Party shall re-produce all such materials.

**12. FAILURE TO DESIGNATE**

The failure to designate Discovery Materials as Confidential shall not be deemed a waiver in whole or in part of a Party's claim of protection under this Order, either as to the specific Discovery Material or as to any other Discovery Material concerning the same or related subject matter. Such failure to designate may be rectified by notifying in writing counsel for all Parties to whom the Discovery Material was disclosed, advising them that the Discovery Material should have been designated Confidential Information, within a reasonable time after discovery of the failure to designate. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Order. Upon such designation, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the Discovery Material about the protected status of the newly-designated Confidential Information, and to retrieve the newly-designated Confidential Information from any person who would not be permitted by this Order to have such information if it had been designated as Confidential Information prior to receipt.

**13. PRODUCTION OF PRIVILEGED DISCOVERY MATERIALS**

Pursuant to Federal Rule of Evidence 502(d), if a Producing Party informs another Party or non-Party that a document or information received by the other Party or non-Party is protected by the attorney-client privilege, work product doctrine, or other applicable privilege ("Protected Material"), the recipient of such Protected Material shall, upon discovery or notification of such a disclosure: (a) promptly return the Protected Material and all copies or summaries thereof in its possession; (b) delete any electronic versions of the Protected Material and all copies or summaries from any data source, or any database it maintains; (c) retrieve all electronic and paper copies and all summaries of the Protected Material provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the Protected Material; and (e) make no use of the information contained in the Protected Material or copies or summaries thereof. The production of Protected Material shall not constitute a waiver of any privilege or protection. Instead, the Producing Party shall be entitled to assert such privilege or protection in this or any other Federal, State, or other proceeding, and the Protected Material and its subject matter shall be treated as if there had been no such disclosure.

Within a reasonable time after the discovery of the disclosure, the Producing Party will provide a log that describes the basis for the claim that the Protected Material is privileged or otherwise protected from disclosure.  The Receiving Party shall have the right to apply to this Court for an order that the Protected Material is not protected from disclosure by any privilege, law, or doctrine in accordance with Paragraph 11 above.  The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the protected contents of the Protected Material prior to entry of an Order from this Court that such revelation is permitted.

The Party to whom any Protected Material was returned shall retain the Protected Material until the end of the case, including any appeals.  If the substance of the Protected Material is discussed in a deposition or pleading before discovery or notification of the disclosure, such testimony or discussion shall be stricken and may not be used for any purpose.

**14.    REQUEST FOR CONFIDENTIAL INFORMATION**

If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce such Confidential Information by subpoena or other compulsory process, unless prohibited by applicable law, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process).  Such notification must be done in writing (by email, if practicable, as well as by overnight courier) immediately and in no event later than three court days after receiving the subpoena or order.  In addition, the Receiving Party shall deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.  Nothing herein shall prevent the Receiving Party from timely complying with a subpoena served by a governmental entity or court.

**15.    FILING CONFIDENTIAL INFORMATION**

The Parties acknowledge that this Order creates no entitlement to file Confidential Information under seal.  All requests to seal documents filed with the Court shall comply with L.R. 79-5, Filing Documents Under Seal.

**16.   TRIAL OR EVIDENTIARY HEARINGS**

If the Action proceeds to trial or any evidentiary hearing, absent further order of the Court, all Discovery Materials previously designated as Confidential Information that are admitted into evidence shall become part of the public record in the Action, unless a motion is filed in advance of the trial or hearing, or as soon as practicable after learning of the intent of any other Party to introduce such Confidential Information into evidence.

**17.   FINAL TERMINATION**

This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs.  Upon final termination of the Action, including any and all appeals, counsel for each Party shall return all Confidential Information, including that given to third parties, to the Producing Party within 14 days, including any copies, excerpts, and summaries thereof, or shall certify destruction of same, at the option of the Receiving Party, and purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each Party may retain Discovery Materials, including Confidential Information, necessary to maintain a file for a reasonable period of time after the termination of the Action (including copies of any executed Certifications in the form attached hereto), and such counsel will continue to be bound by this Order with respect to such retained Confidential Information.  Further, attorney work-product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the Party in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

**18.   MODIFYING THIS ORDER**

Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or from seeking relief from the Court, nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**19.   NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS**

This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Confidential Information is properly discoverable, relevant,

or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Information on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery Material as Confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation. The entry of this Order shall be without prejudice to the rights of any Party or Non-Party to assert or apply for additional or different protection.

Dated: 7/15/2015

Hon. Haywood S. Gilliam, Jr., U.S.D.J.

By: /s/ *Ryan M. Sandrock*
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Eugene A. Schoon, (*pro hac vice*)
eschoon@sidley.com
Kara L. McCall (*pro hac vice*)
kmccall@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Bayer HealthCare, LLC*

By: */s/ Patricia N. Syverson*
Patricia N. Syverson (CA SBN 203111)
psyverson@bffo.com
Elaine A. Ryan (*pro hac vice)*
*eryan@bffb.com*
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Suite 300

Phoenix, AZ 85016

Manfred P. Muecke (CA SBN 222893)
mmuecke@bffb.com
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
600 W. Broadway, Suite 900
San Diego, CA 92101

Stewart M. Weltman (*pro hac vice)*
Sweltman@boodlaw.com
Max A. Stein (*pro hac vice)*
mstein@boodlaw.com
BOODELL & DOMANSKIS, LLC
353 North Clark St., Suite 1800
Chicago, IL 60654

Joseph Siprut *(pro hac vice)*
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL 60602

Lance A. Harke, P.A. *(pro hac vice)*
lharke@harkeclasby.com
Sarah Clasby Engel *(pro hac vice)*
sengel@harkeclasby.com
Howard M. Bushman *(pro hac vice)*
hbushman@harkeclasby.com
9699 NE Second Avenue
Miami Shores, FL 33138

*Attorneys for Plaintiffs*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing **JOINT PROPOSED CONFIDENTIALITY ORDER** in compliance with Civil Local Rule 5.1, I hereby attest that the signatory has concurred in this filing.

Dated:  July 13, 2015                                        SIDLEY AUSTIN LLP

                                            By:         /s/ *Ryan M. Sandrock*
                                                        Ryan M. Sandrock

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LIZA GERSHMAN, SEAN PORTER, MATTHEW KAPLAN, and CHANDRA LAW, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 3:14-cv-05332-HSG<br><br>**CERTIFICATION TO AGREE TO TERMS OF CONFIDENTIALITY ORDER**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

In consideration of the disclosure to me of information that is subject to the Confidentiality Order in this action, I agree as follows:

1. I have read the Confidentiality Order in this action and I agree to be bound by its terms.

2. I understand that if I violate the terms of the Order, I may be subject to an enforcement proceeding before the District Court, Northern District of California.

3. I agree to submit myself to the personal jurisdiction of the District Court, Northern District of California, in connection with any proceeding concerning the Order. I hereby also consent to accept service of process in connection with this action or any proceedings related to enforcement of the Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service of other methods of service.

Dated: _______________, 2015 By: ______________________________________

Printed Name: _____________________________